■ In the Matter of the Claim of EARL V. BELCHER, JR., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [652 NYS2d 849] —Yesawich Jr., J. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed December 20, 1995, which ruled that claimant was not entitled to receive a transportation allowance under the Trade Act of 1974, and (2) from a decision of said Board, filed March 27, 1996, which ruled that claimant was not entitled to receive a trade readjustment allowance under the Trade Act of 1974 between December 18, 1995 and January 21, 1996.

Claimant, formerly a training specialist for Niagara Mohawk Power Corporation, is a resident of the Village of Baldwinsville, Onondaga County. Beginning in April 1995, he enrolled in courses held in the City of Oswego, Oswego County, for which he receives tuition assistance under the Trade Act of 1974. After a hearing, the Unemployment Insurance Appeal Board found that claimant was ineligible for transportation allowance because the distance of his commute between home and school is not more than 35 miles. In a subsequent decision, the Board further found that claimant was not entitled to receive a trade readjustment allowance between December 18, 1995 and January 21, 1996 because he experienced a break in training which exceeded 14 days. Claimant appeals from the Board's decisions.

Based upon our review of the record, we find both of the Board's decisions supported by substantial evidence. Although claimant testified at the hearing that the distance of his commute between home and school is 36 miles, a Department of Labor representative, who had driven the route, stated that the distance is between 27 and $31^1/_2$ miles. The Board was entitled to credit this testimony, which established that claimant's commute is less than that required to qualify for a transportation allowance (see, Matter of Joyner [Sweeney], 232 AD2d 804; Matter of Priore [Sweeney], 231 AD2d 798). There is, therefore, no reason to reverse the Board's December 20, 1995 decision.

As for the Board's subsequent decision, claimant admitted that his break in training between December 18, 1995 and January 21, 1996 exceeded 14 days. Claimant contends that because the break was attributable to an extended winter recess at the university where he takes his courses, and similar breaks are scheduled by colleges, he should not be deprived of his trade adjustment benefit for that time period. Inasmuch as the regulatory definition of a break in training does not recognize any exception for intersemester recess such as that at

issue here, however (*see*, 20 CFR 617.15 [d]), this argument is unpersuasive. The remainder of claimant's arguments are either unpreserved for review (having not been raised in the administrative forum) or have been considered and found wanting. Accordingly, we decline to disturb the Board's March 27, 1996 decision.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the decisions are affirmed, without costs.