■ In the Matter of the Claim of CRAIG C. WILLIAMS, Appellant. COMMISSIONER OF LABOR, Respondent. [674 NYS2d 791] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 1997, which, *inter alia*, ruled that claimant was not entitled to receive an additional trade readjustment allowance under the Trade Act of 1974.

After exhausting the regular trade readjustment allowance (hereinafter TRA) to which he was entitled under the Trade Act of 1974, claimant was deemed eligible for an additional TRA in connection with his enrollment in an approved training course that was scheduled from September 25, 1995 through May 14, 1996 at Boston University. Claimant did not attend the training course during the university's winter recess. Payments under the additional TRA were subsequently discontinued on March 24, 1996. Thereafter, claimant applied for unemployment insurance benefits under Labor Law § 599; however, his application was denied.

Following a hearing at which claimant challenged, *inter alia*, the discontinuance of payments under the additional TRA, an Administrative Law Judge concluded that claimant was entitled to seven more weeks of payments. The Unemployment Insurance Appeal Board reversed that decision and ruled that claimant was not entitled to any additional payments. Claimant appeals.

We affirm. The regulations governing payments under a TRA specifically provide that, in order for an individual approved

for training to continue to receive such payments during a scheduled break in training, the scheduled break cannot exceed 14 days (*see*, 20 CFR 617.15 [d] [1]). Here, the record indicates that the winter recess took place from December 18, 1995 through January 14, 1996. Although claimant contends that the recess did not commence until the final week of examinations, which the university's calendar reveals ended on December 20, 1995, the break still exceeded 14 days. Consequently, we find that substantial evidence supports the Board's discontinuance of benefits on March 24, 1996 (*see, e.g., Matter of Belcher [Sweeney]*, 235 AD2d 877).

Likewise, we find no merit to claimant's assertion that he is entitled to TRA benefits through the completion of his training course on May 14, 1996 based upon the information contained in the "training request determination" form. A labor service representative testified that the purpose of the form is to notify applicants that their request has been approved and is not a guarantee that TRA payments will be paid throughout the training course. In addition, the record discloses that before his training course was approved, claimant was aware that his TRA benefits might be exhausted prior to the completion of the training course. In view of this, as well as the fact that claimant received all the payments to which he was entitled under the additional TRA (*see*, 20 CFR 617.3 [m] [2]), we find no reason to disturb the Board's decision. We have considered claimant's remaining contentions and find them to be without merit.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.